UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY CAPUTO,<br><br>    Plaintiff,<br><br>    v.<br><br>SCHERFFENBERT,<br><br>    Defendant. | 1:13-cv-00415-AWI-GSA-PC<br><br>ORDER DENYING UNENUMERATED RULE 12(b) MOTION, WITHOUT PREJUDICE, ON PROCEDURAL GROUNDS AND REQUIRING DEFENDANTS TO FILE RESPONSIVE PLEADING OR MOTION WITHIN THIRTY DAYS<br>(Doc. 14.) |

    Plaintiff John Anthony Caputo ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 21, 2013. This action is proceeding on Plaintiff's initial Complaint against Defendant Dr. Scherffenberg ("Defendant") for use of excessive force, in violation of the Eighth Amendment of the United States Constitution.

    On April 11, 2014, Defendant filed an unenumerated Rule 12(b) motion to dismiss on the ground that Plaintiff failed to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff has not yet filed a response to the motion. Local Rule 230(*l*).

    On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the

proper procedural device for raising the issue of administrative exhaustion.  Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc).  Following the decision in Albino, Defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment.  Albino, 2014 WL 1317141, at *4 (quotation marks omitted).  An unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion.  Id.

      Accordingly, in light of the decision in Albino, it is HEREBY ORDERED that:

      1.    Defendant's unenumerated Rule 12(b) motion is denied, without prejudice, on procedural grounds; and

      2.    Defendant has **thirty (30) days** from the date of service of this order within which to file a responsive pleading or motion.

IT IS SO ORDERED.

    Dated:   **April 14, 2014**             **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE