UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY CAPUTO,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SCHERFFENBERG,<br><br>　　　　　Defendant. | 1:13-cv-00415-AWI-GSA-PC<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION<br>(Doc. 16.)<br><br>ORDER REINSTATING DEFENDANT'S MOTION TO DISMISS ON COURT'S CALENDAR<br>(Doc. 14.)<br><br>ORDER REQUIRING PLAINTIFF TO FILE RESPONSE TO DEFENDANT'S MOTION TO DISMISS<br><br>THIRTY DAY DEADLINE |

**I.　BACKGROUND**

　　Plaintiff John Anthony Caputo ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 21, 2013. This action is proceeding on Plaintiff's initial Complaint against Defendant Dr. Scharffenberg[1] ("Defendant") for use of excessive force, in violation of the Eighth Amendment of the United States Constitution.  (Doc. 1.)

---

[1] Defendant has advised the court that his last name, as used throughout the Complaint, is incorrect and the correct spelling is "Sharffenberg."  (Doc. 14-1 at 1 fn.1.)

On April 28, 2014, Defendant filed a motion for reconsideration of the court's order denying Defendant's motion to dismiss. (Doc. 16.)

**II.    MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**A.    Defendant's Motion**

Defendant requests reconsideration of the court's order of April 14, 2014, which denied Defendant's motion to dismiss in light of the Ninth Circuit's recent decision in Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Defendant argues that his motion to dismiss should not have been dismissed pursuant to Albino, because he

properly brought the motion pursuant to Rule 12(b)(6) on the ground that Plaintiff's failure to exhaust was evident on the face of the Complaint. Defendant asserts that it is clear in the motion itself and its accompanying memorandum of points and authorities that the motion was not brought as an unenumerated Rule 12(b) motion. Defendant also argues that the motion to dismiss, as filed, already comports with the court's order regarding how to properly raise the issue of exhaustion, because the court's order instructed that Defendant may raise the issue of exhaustion in a motion to dismiss pursuant to Rule 12(b)(6) in the rare instance where the failure to exhaust is clear on the fact of the complaint.

### B.  Discussion

On April 11, 2014, Defendant filed a motion to dismiss the claims against him on the ground that Plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). (Doc. 14.) Based on the court's supposition that Defendant had filed an unenumerated Rule 12(b) motion, the court denied the motion to dismiss, on procedural grounds, based on the Ninth Circuit's recent decision in Albino v. Baca, 2014 WL 1317141, which overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) with respect to the proper procedural device for failing the issue of administrative exhaustion. (Doc. 15.) In the court's order, the court instructed Defendant that "[f]ollowing the decision in Albino, Defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment." (Id. at 2:2-5)(citing Albino at *4). Defendant was also instructed that "[a]n unenumerated Rule 12(b) motion is no longer the proper procedural device for raising the issue of exhaustion." (Id. at 2:2-6)(citing Albino at *4). Defendant's motion to dismiss was dismissed on procedural grounds, without prejudice, and Defendant was granted thirty days in which to file a new responsive pleading.

Defendant's arguments in the motion for reconsideration have merit. The court has reviewed Defendant's motion to dismiss and finds that, indeed, the motion clearly indicates that it was brought under Rule 12(b)(6) on the ground that Plaintiff failed to properly exhaust all available administrative remedies. In his memorandum of points and authorities, Defendant

asserts that Plaintiff's failure to exhaust his administrative remedies is "evident from the face of the Complaint," due to Plaintiff's statements in the Complaint that (1) an inmate appeal or administrative remedy process is available at his institution; (2) he has not filed an appeal or grievance concerning all of the facts contained in the Complaint; and (3) the inmate appeal or administrative remedy process is not complete. (Memorandum of P&A, Doc. 14-1 at 1-2)(citing Complaint, Doc. 1 at 2). Thus, Defendant has presented evidence that his motion to dismiss was properly brought as a Rule 12(b)(6) motion and not as an unenumerated Rule 12(b) motion. Based on this evidence, Defendant's motion for reconsideration shall be granted, and the motion to dismiss shall be reinstated on the court's calendar.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion for reconsideration, filed on April 28, 2014, is GRANTED;
2. Defendant's motion to dismiss, filed on April 11, 2014, is REINSTATED on the court's calendar; and
3. Plaintiff is required to file a response to Defendant's motion to dismiss within thirty days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **May 8, 2014**                       **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE