UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTHONY CAPUTO,<br><br>        Plaintiff,<br><br>    vs.<br><br>DR. SCHERFFENBERG,<br><br>        Defendant. | 1:13-cv-00415-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATION, RECOMMENDING THAT DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED (Doc. 14.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I.    BACKGROUND

John Anthony Caputo ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on March 21, 2013.  (Doc. 1.)  This case now proceeds on the initial Complaint, against defendant Dr. Sharffenberg ("Defendant")[1] for use of excessive force in violation of the Eighth Amendment, and for retaliation in violation of the First Amendment.  (Id.)

On April 11, 2014, Defendant filed a Rule 12(b)(6) motion to dismiss this action on the ground that Plaintiff's failure to exhaust administrative remedies is evident on the face of the Complaint.  (Doc. 14.)  On June 4, 2014, Plaintiff filed an opposition to the motion.  (Doc. 18.)

---

[1] Plaintiff spells Defendant's name as "Scherffenberg" throughout the Complaint; however, Defendant reports that the correct spelling is "Sharffenberg."  (Memorandum, Doc. 14-1 at 1 fn.1.)

Defendant did not file a reply to Plaintiff's opposition.  Defendant's motion to dismiss is now before the court.

## II.    PLAINTIFF'S ALLEGATIONS

The events at issue in the Complaint allegedly occurred at the California Substance Abuse Treatment Facility in Corcoran, California, when Plaintiff was incarcerated there. Defendant Dr. Sharffenberg was an employee of the California Department of Corrections and Rehabilitation at the time of the events at issue.

Plaintiff claims that Dr. Sharffenberg intentionally injured him because he filed an inmate grievance.  Specifically, Plaintiff alleges that on May 18, 2012, he was summoned to the G Yard clinic to speak with Defendant regarding a 602 Plaintiff had filed.  Plaintiff alleges that "while in a heated argument Dr. Scherffenberg wants to give me a prostate exam.  Doing so he Dr. Scherffenberg hurts me bad!  To this day I bleed, have trouble using rest room, have nightmares, etc."  (Complaint, Doc. 1 at 3 ¶IV.)

## III.   LEGAL STANDARDS

### A.    Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  Erickson v. Pardus, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings.  Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see id. at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

**B.**     **Statutory Exhaustion Requirement**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216.  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is ordinarily subject to a motion for summary judgment in which the court may look beyond the pleadings.  Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).  However, where an inmate's complaint shows a failure to exhaust on its face, it is subject to dismissal under Rule 12(b)(6).  Id. at 1166; Jones, 549 U.S. at 215 ("A complaint may be

subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face.")
(quoting Loveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001)).

### C.      CDCR's Administrative Grievance System

The Court takes judicial notice of the fact that the California Department of
Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoner
complaints.  Cal.Code Regs., tit. 15 § 3084.1.  The process is initiated by submitting a CDCR
Form 602.  Id. at § 3084.2(a)(2012).  In 2012, prisoners were required to submit appeals within
thirty calendar days of the event being appealed or of receiving an unacceptable lower level
appeal decision.  Id. at § 3084.8(b)(2012).  Three formal levels of appeal are involved,
including the first level, second level, and third level.  Id. at § 3084.7(2012).  In order to satisfy
§ 1997e(a), California state prisoners are required to use this process to exhaust their claims
prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, 311 F.3d. at 1199-
1201.

## IV.     DEFENDANT'S MOTION

Defendant moves to dismiss this action on the ground that Plaintiff's failure to exhaust
the CDCR's administrative appeals process for Plaintiff's claims against Defendant is evident
on the face of the Complaint.  Defendant asserts that in the body of the Complaint, Plaintiff
indicates that an inmate appeal or administrative remedy process is available at his institution.
(Complaint, Doc. 1 at 2, ¶II-A.)  Plaintiff also indicates that he has not filed an appeal or
grievance concerning all of the facts contained in the Complaint.  (Id. at 2 ¶II-B.)  Plaintiff
explains this failure by stating that he was "[r]uning [sic] out of time to file."  (Id.)  Lastly,
Plaintiff indicates that the inmate appeal or administrative remedy process is not completed,
and again states that he was "[r]unning out of time to file."  (Id. at 2, ¶II-C.)

Defendant argues that Plaintiff's awareness of the administrative remedy process and
his failure to exhaust his administrative remedies are evident on the face of the Complaint
because Plaintiff attests to these facts.  Defendant argues that under these facts, dismissal is
appropriate, and is in line with the Ninth Circuit's recent holding in Albino that "in the rare

///

event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." <u>Albino</u>, 747 F.3d at 1166.

Defendant also argues that Plaintiff's reasoning for his failure to exhaust, that he was "[r]unning out of time," is legally inadequate.  Defendant argues that this explanation cannot excuse Plaintiff's failure to exhaust prior to bringing this action because Plaintiff was still well within the statute of limitations for the claims contained in the Complaint at the time of its filing on March 21, 2013.  Defendant asserts that the statute of limitations for personal injury actions arising in California and brought under § 1983 is two years, and Plaintiff is allowed two more years as a prisoner for tolling.  Cal.Code of Civil Procedure §§ 335.1, 352.1.  Defendant concludes that the last day on which Plaintiff's Complaint could be filed was May 18, 2016, which is four years from the alleged wrongful act of May 18, 2012 by defendant Sharffenberg and more than three years before expiration of the statute of limitations.  Defendant concludes that therefore Plaintiff was not "running out of time" to file his Complaint.

**Plaintiff's Opposition**

Plaintiff filed a response to the motion to dismiss.  However, he makes no argument concerning exhaustion of administrative remedies.  Plaintiff merely argues that his Complaint and medical records are sufficient to support his claims and to prevent dismissal of his case.

**Discussion**

The court finds that Defendant has met his burden of raising and proving that Plaintiff's failure to exhaust administrative remedies is evident on the face of the Complaint.  Defendant has shown that Plaintiff indicates in the body of the Complaint that an inmate appeal or administrative remedy process is available at his institution, (Complaint, Doc. 1 at 2, ¶II-A.); that he has not filed an appeal or grievance concerning all of the facts contained in the Complaint, (<u>id.</u> at 2 ¶II-B.); and that he did not complete the appeals process because he was "[r]unning out of time to file, (<u>id.</u> at 2, ¶II-C.)  Defendant has shown that Plaintiff was not running out of time to file this case, establishing that Plaintiff's lawsuit was subject to a four-year statute of limitations, and demonstrating that Plaintiff filed the Complaint more than three years before the expiration of time.  Plaintiff offers no argument in opposition to Defendant's

arguments.  Therefore, Defendant is entitled to dismissal of this case based on Plaintiff's failure to exhaust administrative remedies before filing suit.

**V.      CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the court finds that Defendant has met his burden of demonstrating that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in compliance with § 1997e(a).  Defendant has shown evidence that Plaintiff failed to exhaust his remedies by an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the Complaint against Defendant in this action.  Plaintiff has not shown that he exhausted all the remedies available to him.  Therefore, the court finds that Defendant is entitled to dismissal of this action, and Defendant's motion to dismiss should be granted.

Therefore, **IT IS HEREBY RECOMMENDED** that Defendant's Rule 12(b)(6) motion to dismiss for failure to exhaust remedies, filed on April 11, 2014, be GRANTED, without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 8, 2014**                         **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE